UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMERICAN REF-FUEL COMPANY OF NIAGARA, LP,

                              Plaintiff,

              -vs-                                    02-CV-814C(F)

CAREMEUSE N.A. and
GENSIMORE TRUCKING, INC.,

                              Defendants.
_____

        In a letter dated June 14, 2007, counsel for defendant Gensimore Trucking, Inc.

requested the court's intervention to resolve a dispute about payment of costs associated

with the deposition of defendant's expert witness, Joseph Bieron, Ph.D., which took place

on April 24, 2007.  In response to this request, the court conducted a telephone conference

with counsel on June 26, 2007, during which it became evident that informal resolution of

the matter was not possible.  The court then set a schedule for further submissions, which

have now been received and reviewed.

        The facts of the dispute are as follows.  Dr. Bieron is a professor of chemistry at

Canisius College in Buffalo, retained by defendant Gensimore Trucking to provide an

expert opinion regarding the cause of the explosion at plaintiff's facility.  Dr. Bieron's

deposition took approximately two-and-a-half hours.  At the conclusion of the deposition,

defense counsel presented plaintiff's counsel with a bill for Dr. Bieron's services in the

amount of $2,192.50, representing three-and-a-half hours of deposition time, and fourteen

hours of preparation time, billed at the rate of $125 per hour.

In a letter dated April 25, 2007, plaintiff's counsel objected to that portion of Dr. Bieron's bill related to reimbursement for time spent preparing for the deposition, and requested a revised invoice reflecting only actual deposition time and travel expenses. Defense counsel responded by letter dated May 7, 2007, in which he advised plaintiff's counsel of federal case law authority for reimbursement of reasonable expenses for preparatory time.  Plaintiff's counsel continued to object, and defense counsel sought relief from the court.

Under the federal rules governing expert discovery, "[u]nless manifest injustice would result, . . . the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision . . . .  Fed. R. Civ. P. 26(b)(4)(C).  The district courts in the Second Circuit, including this court, have consistently held that time spent by an expert preparing for a deposition is compensable under Rule 26(b)(4)(C).  *See New York v. Solvent Chemical Co., Inc.*, 210 F.R.D. 462, 471 (W.D.N.Y. 2002) (citing cases).

> That said, there is also great risk of abuse in compensating a party for his expert's deposition preparation time, since that time usually includes much of what ultimately is trial preparation work for the party retaining the expert. As Wright & Miller suggest, "[t]he open-ended possibility that much ordinary trial preparation might be charged to the opponent by this device warrants caution."

*Constellation Power Source, Inc. Select Energy, Inc.*, 2007 WL 188135, at *8 (D.Conn. January 23, 2007) (quoting Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 2034, at 471).

In implementing this cautionary approach, the courts look to several factors to determine whether the fee requested by the expert witness is reasonable under the

circumstances, including (1) the witness's area of expertise; (2) the education and training required to provide the expert insight sought; (3) prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) the fee being charged by the expert to the party who retained him; (7) fees traditionally charged by the expert on related matters, and (8) "any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *Mathis v. NYNEX*, 165 F.R.D. 23, 24-25 (E.D.N.Y. 1996), *quoted in Mannarino v. United States*, 218 F.R.D. 372, 374 (E.D.N.Y. 2003). "The party seeking reimbursement of deposition fees bears the burden of proving reasonableness.   If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee." *Solvent Chemical*, 210 F.R.D. at 468 (citation omitted).

The *Mannarino* case, which both parties have cited in their submissions, provides helpful guidance.   There, the deposition of a bio-mechanical engineer retained by the defendant to present an expert opinion on the cause of injuries suffered by the plaintiff in an automobile accident, lasted a little more than an hour.   The expert sought compensation for eight hours of preparation time, but the court found this request excessive.

> No one knew in advance that the deposition itself would last only one hour, but counsel for plaintiff did indicate beforehand that she expected it would last only about three hours. . . .   Moreover, as plaintiff points out, [the expert witness] had prepared his expert report only a few months prior to the deposition, and he testified that in preparing for the deposition he did not review anything that he had not already reviewed in preparing the report. . . . Based on these factors, and on the fact that the issues in this case are not complex, I find that four hours of preparation time would have been reasonable.

*Mannarino*, 218 F.R.D. at 376.

Although no hard and fast formula can be drawn from the finding in *Mannarino*, the circumstances of Dr. Bieron's deposition in this case warrant similar treatment.  Dr. Bieron has submitted a sworn affidavit (Item 82) in which he states that, based on information received from defense counsel, it was anticipated by all involved that his deposition would last seven hours.  He was surprised that it lasted only two-and-a-half hours.  During his fourteen-hour preparation he reviewed the deposition transcripts of eight other witnesses in the case, as well as laboratory test results, photographs, and other information produced during discovery.  By his own admission, this is the same information which he had previously reviewed and relied upon in producing two expert witness reports--the first submitted in December 2006, setting forth his opinions on the cause of the explosion, and the second submitted in January 2007, responding to the opinions set forth in the reports submitted by the other parties' expert witnesses.

While it is true that the technical analysis involved in determining causation in this somewhat complex case may be more difficult than that required in *Mannarino* and other cases, it is clear to the court from the materials submitted that much of the time spent by Dr. Bieron in preparing for his deposition involved duplication of effort attributable to "ordinary trial preparation," which is not compensable under Rule 26(b)(4)(C).  Dr. Bieron did not review any information in preparation for his deposition in April that he had not already reviewed twice before, the last time as recently as January.  Considering these circumstances in light of the other pertinent factors outlined above, it would be unreasonable to charge plaintiff for the entire fourteen hours of preparation time.

Accordingly, the court directs plaintiff, as the party seeking the discovery at issue, to compensate Dr. Bieron for two-and-a-half hours of deposition time, and seven hours of

preparation time, at the rate of $125 per hour (along with all other reasonable expenses incurred attending the deposition, including travel time, as agreed to by plaintiff's counsel).

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:  8/05/07            , 2007

p:\pending\2002\02-814.aug1.07